**Everett Raymond KINSTLER, Plaintiff,**

v.

**The SATURDAY EVENING POST CO., Cory SerVaas and the Curtis Publishing Co., Defendants.**

**No. 80 Civ. 1964.**

United States District Court, S. D. New York.

Feb. 4, 1981.

As Amended Feb. 23, 1981.

Lehman & Gikow, P. C. by David H. Gikow, and Arthur R. Lehman, New York City, for plaintiff.

Frankfurt, Garbus, Klein & Selz by Arthur J. Ginsberg, New York City, for defendants.

WHITMAN KNAPP, District Judge.

Plaintiff Everett Raymond Kinstler is a portrait artist. In 1977 and 1978 he painted and secured copyright protection for a portrait of John Wayne. He alleges in his complaint that he granted defendants a limited license for a single publication of this portrait on the cover of their magazine, the

*Saturday Evening Post*; and that defendants exceeded that license by publishing the portrait on the covers of three consecutive issues of that magazine during the summer of 1979 as well as by placing it, in a severely truncated version, on a subscription order form. Relying on these and other allegations, plaintiff states claims against each of the defendants for copyright infringement, Lanham Act violations, unfair competition, fraud and unjust enrichment; and against defendant Saturday Evening Post for breach of contract. Defendant Curtis Publishing Company ("Curtis"), which is the corporate parent of defendant Saturday Evening Post, moves to dismiss plaintiff's complaint as to it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Defendant Cory SerVaas, an officer of defendant Saturday Evening Post, the publisher and editor of the *Saturday Evening Post* magazine, and a domiciliary of Indiana, moves to dismiss the action as to her for lack of personal jurisdiction. For the reasons which follow, both motions are denied.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AS TO DEFENDANT CURTIS PUBLISHING COMPANY

In the opening paragraphs of his complaint, plaintiff describes the several defendants (including Curtis Publishing Company) and indicates that they will thereafter be collectively referred to as "defendants." Defendant Curtis contends, however, that plaintiff's use of the plural is insufficient to include it within plaintiff's subsequent allegations. This argument is frivolous.

Defendant Curtis contends, in addition, that plaintiff cannot state a cause of action as to it with respect to unauthorized publication of the portrait because defendant Saturday Evening Post is exclusively responsible for publication of the magazine bearing its name. Section 101 of the Copyright Act of 1976, 17 U.S.C. § 101, defines "publication" as, *inter alia,*

"the distribution of copies ... of a work to the public by sale or other transfer of ownership .... The offering to distribute copies ... to a group of persons for purposes of further distribution ... constitutes publication."

At this state in the litigation we cannot say, as a matter of law, that plaintiff could prove no state of facts showing participation by defendant Curtis in the distribution of the allegedly offending issues of the *Saturday Evening Post*. We accordingly deny defendant Curtis' motion to dismiss, without prejudice to its renewal after completion of discovery.

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANT CORY SERVAAS

Defendant Cory SerVaas is not a domiciliary of New York and—so far as concerns her personal affairs—has no substantial contacts with this forum. Plaintiff claims, however, that the torts allegedly committed by her corporate employer were performed at her direction and behest. In view of the fact that defendant SerVaas is an officer of defendant Saturday Evening Post, publisher and editor of the magazine by that name, and the individual who negotiated with plaintiff for the use of his portrait, this claim is not without substance. Plaintiff accordingly seeks to predicate personal jurisdiction over, as well as to establish the personal liability of, defendant SerVaas on the basis of these torts.

It is clear that the facts alleged in the complaint—in particular, the distribution within the state of magazines containing unauthorized versions of plaintiff's portrait—amount to the commission by defendant Saturday Evening Post of tortious acts within the state within the meaning of New York's long-arm statute, CPLR § 302(a)(2). Assuming for the purposes of discussion—as appears to be the case—that defendant SerVaas acted in these matters for the benefit of her corporate employer rather than for her personal benefit, the question becomes: should she be protected from personal jurisdiction in this forum for torts committed in furtherance of her corporate duties?

■ Under a recently developed doctrine of New York law, activities of a corporate officer taken on behalf of the corporate employer are protected by a so-called fiduciary shield, and will not automatically subject the officer to the personal jurisdiction of the New York courts. See *Merkel Assocs., Inc. v. Bellofram Corp.* (W.D.N.Y. 1977) 437 F.Supp. 612, 618; *Fashion Two Twenty, Inc. v. Steinberg* (E.D.N.Y.1971) 339 F.Supp. 836, 841; *Instruments Internat'l Corp. v. Asahi Optical Co.* (S.D.N.Y.1967) 272 F.Supp. 523, 528; *Unicon Management Corp. v. Koppers Company* (S.D.N.Y.1966) 250 F.Supp. 850, 852. See also Sponsler, "Jurisdiction Over the Corporate Agent: The Fiduciary Shield," 35 Wash. & Lee L.Rev. 349 (1978). This is, however, a flexible doctrine designed to achieve the ends of justice and should not be woodenly applied. As the court in *Merkel Assocs., supra,* 437 F.Supp. at 618, observed:

"The purpose of such a 'fiduciary shield' from long-arm jurisdiction is to protect such corporate officers from unreasonable and unjust subjection to personal jurisdiction, not to protect them from liability. This shielding should not be unlimited. Whether personal jurisdiction should exist must be measured by inquiring whether the exercise of such jurisdiction comports with fair play and substantial justice."

See also Sponsler, *supra*, 35 Wash. & Lee L.Rev. at 362.

■ Various aspects of the instant case militate against a conclusion that invoking personal jurisdiction over defendant Ser-Vaas would be "unreasonable and unjust." In the first place, her activities were such that she should have forseen consequences in this forum. She negotiated with plaintiff, who resided in New York, for the use of his portrait, and allegedly sent her daughter to his apartment to secure transparencies of that portrait. As publisher of the *Saturday Evening Post*, she clearly intended the portrait to be reproduced in the magazine and distributed in this state; and as such publisher she could not be said to be an incidental actor in the corporate hierarchy, but must be deemed directly responsible for the alleged tortious use. Finally, as the corporate officer most intimately connected with corporate conduct involved in this law suit, she will be required—whether or not herself a party—actively to participate in plaintiff's related actions against defendants Saturday Evening Post and Curtis Publishing Company. Accordingly, assertion of personal jurisdiction cannot cause her undue inconvenience.

In brief, plaintiff alleges that at the direction of defendant SerVaas the corporation committed tortious acts (obtaining the portrait from plaintiff and subsequently distributing reproductions without proper authority) within the state. Should these allegations be established jurisdiction would, in the circumstances of this case, attach under CPLR § 302(a)(2). Accordingly, defendant SerVaas' motion—like that of defendant Curtis—is denied. In her case, however, there would be no point in allowing renewal at a later date. Any proof (or failure of proof) which would defeat jurisdiction would entitle her to a judgment on the merits. Needless to say, we express no views on the likelihood of such an outcome.

The motions are denied.

SO ORDERED.