LANCER PRODUCTS INC., Plaintiff,

v.

RALLY ACCESSORIES, INC., Mark Iacovelli and Stephen Lapidus Sales, Inc., Defendants.

No. CV 83-4838.

United States District Court, E.D. New York.

Nov. 15, 1984.

---

Amster, Rothstein & Engelberg, New York City, for plaintiff.

Wolder, Gross & Yavner, New York City, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action for copyright and trademark infringement, and for unfair competition. Defendant Iacovelli has moved to dismiss the complaint with respect to him on the ground of lack of personal jurisdiction.

Defendant Iacovelli is president and 50% shareholder of defendant Rally Accessories, Inc. Iacovelli is also an officer and 50% shareholder of Rally Manufacturing, Inc., which is not a party.

Plaintiff asserts personal jurisdiction over Iacovelli on the basis of N.Y.C.P.L.R. Section 302(a)(2), which provides for personal jurisdiction over a nondomiciliary who in person or through an agent commits a tortious act within the state. Plaintiff contends that Iacovelli, through an agent, caused certain products to be marketed within the state, and that such marketing constituted copyright and trademark infringement, and unfair competition. Iacovelli contends that Iacovelli did not market his *own* products in the state, (but rather marketed the products of Rally Accessories), that Iacovelli therefore could not foresee being subject to personal jurisdiction in New York state court, that it would therefore be violative of the Due Process Clause of the Fourteenth Amendment for a New York state court to subject Iacovelli to personal jurisdiction, and that this Court therefore lacks personal jurisdiction over Iacovelli under Rule 4 of the Federal Rules of Civil Procedure. Iacovelli relies upon *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Iacovelli further contends that any acts he may have performed which would otherwise give rise to personal jurisdiction over him were performed in his capacity as president of Rally Accessories, and that he is therefore immune from personal jurisdiction under New York's "fiduciary shield doctrine".

We see no basis for Iacovelli's suggestion that a person who markets products within a state on behalf of his employer cannot constitutionally be subject to personal jurisdiction by such state's courts as to a cause of action arising from such activity. To adopt this suggestion would be to convert the fiduciary shield doctrine into a constitutional principle. The Second Circuit, however, has stated that "[t]he fiduciary shield doctrine is not a constitutional principle ..." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 902 n. 3 (2d Cir.1981). *World-Wide, supra,* is not on point. There, defendant did not carry on any activity in the forum state. We therefore hold that a person who markets products on behalf of his employer within a state may be subject to personal jurisdiction by such state's courts as to a cause of action arising from such activity, under the

Due Process Clause of the Fourteenth Amendment.

■ Under New York's fiduciary shield doctrine, an individual who has contact with the state only by virtue of his acts as a fiduciary of a corporation may be shielded from personal jurisdiction. *Marine Midland, supra*, 664 F.2d at 902. However, "its application requires an analysis of the particular facts of the case. In each instance, fairness is the ultimate test." *Id.* at 903. If the corporation is a mere shell for its owner, the owner's actions shall be viewed as being in his own interest, and he will not be shielded from personal jurisdiction. *Id.*

■ In the instant case, papers submitted by plaintiff establish a prima facie showing that Rally Accessories has no assets, income, or expenses; that Rally Manufacturing takes payment for goods sold under the name of Rally Accessories; and that Rally Accessories is a mere shell for Rally Manufacturing. However, no showing has been made that Rally Manufacturing is itself a shell. Consequently, while there is a basis for saying that actions taken by Iacovelli were essentially for the benefit of Rally Manufacturing, there is no basis for saying that Iacovelli's actions were essentially simply for his own benefit. Of course, given the fact that Iacovelli is a 50% shareholder in Rally Accessories and Rally Manufacturing, any actions taken by Iacovelli must have been in large part for his own benefit. However, the Second Circuit, in stating that the fiduciary shield doctrine will *not* apply to the owner of a shell corporation, thereby implied that the doctrine *will* apply to a 100% shareholder in a non-shell corporation. The doctrine should therefore apply to a 50% shareholder in a non-shell corporation. On a motion to dismiss for lack of personal jurisdiction, if the Court does not hold an evidentiary hearing, plaintiff need only make a prima facie showing of jurisdiction through its papers in order to. defeat the motion and postpone resolution of the issue of jurisdiction until trial. *Id.* at 904. In the instant case, plaintiff's papers construed in the light most favorable to plaintiff show that Iacovelli acted on behalf of a corporation, Rally Accessories, which was a shell for another corporation, Rally Manufacturing, which is not itself a shell and of which Iacovelli is a 50% shareholder. We hold that under these facts New York's fiduciary shield doctrine is applicable and Iacovelli is not subject to personal jurisdiction under N.Y.C.P.L.R. Section 302(a)(2), that plaintiff has failed to make a prima facie showing of jurisdiction, and that Iacovelli's motion to dismiss for lack of personal jurisdiction should be granted.

Plaintiff places great reliance upon *Kinstler v. Saturday Evening Post Co.*, 507 F.Supp. 113 (S.D.N.Y.1981). There, the court refused to apply the fiduciary shield doctrine where defendant's "activities were such that she should have foreseen consequences in this forum", where defendant was not "an incidental actor in the corporate heirarchy" but "directly responsible" for the alleged tort, and where defendant "as the corporate officer most intimately connected with corporate conduct involved in this law suit. ... will be required— whether or not herself a party—actively to participate in plaintiff's related actions" against the corporation. We respectfully decline to follow this case, which we believe is out of harmony with the Second Circuit's view of the fiduciary shield doctrine as suggested in *Marine Midland, supra*, and would tend largely to abolish the doctrine.

Defendant Iacovelli's motion to dismiss the complaint with respect to said defendant for lack of personal jurisdiction is granted. The Clerk shall not enter judgment at this time.

SO ORDERED.