Terry V. WILCOX, et al., Plaintiffs,

v.

**PRECISION PARACHUTE COMPANY, et al., Defendants.**

No. 87–1524–C.

United States District Court, D. Kansas.

April 26, 1988.

John M. Lindner, Garden City, Kan., for plaintiffs.

Ronald P. Williams, Wichita, Kan., J. Scott Hamilton, Broomfield, Colo., Virginia C. Love, Chattanooga, Tenn., for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on defendant George Galloway's motion to dismiss for lack of personal jurisdiction. Plaintiffs bring this action to recover for the wrongful death and pain and suffering of Gerald Wilcox who fell to his death on July 27, 1985, when both his primary chute and reserve chute failed to operate during a parachute jump. The deceased, Gerald Wilcox, purchased the reserve chute from defendant Precision Parachute Company (Precision), and the rigging of this reserve chute was performed by defendant Galloway, as an employee of Precision. Precision is a Tennessee corporation with its principal place of business in Tennessee. Defendant Galloway is a resident of Tennessee.

Plaintiff bears the burden of making a prima facie showing that statutory and due process requirements are satisfied

permitting the court to exercise personal jurisdiction over defendant. *Carrothers Const. Co. v. Quality Service & Supply*, 586 F.Supp. 134, 135–36 (D.Kan.1984). In deciding a jurisdictional challenge, the court may consider affidavits and other documentary evidence submitted by the parties. *Thermal Insulation Systems v. Ark–Seal Corp.*, 508 F.Supp. 434, 437 (D.Kan.1980). Allegations in the complaint are accepted as true to the extent they are uncontroverted by submitted affidavits. *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). If affidavits contradict each other, factual disputes are resolved in favor of plaintiff in order that the prima facie showing will withstand the movant's arguments. *Behagen*, 744 F.2d at 733. Plaintiff is entitled to the benefit of any factual doubts. *Ammon v. Kaplow*, 468 F.Supp. 1304, 1309 (D.Kan.1979).

The relevant facts for the court's consideration in this motion include:

1. The deceased, Gerald Wilcox, purchased a reserve chute from defendant Precision which had been packed and certified by defendant Galloway. The deceased ordered the chute through an advertisement for defendant Precision in the Parachutist Magazine. This magazine has a circulation of approximately 20,000 in all 50 states. When the deceased ordered his parachute, the services of Galloway were offered.

2. Defendant Precision manufactures and sells parachute canopies and is a dealer of North American Aerodynamics, a manufacturer of parachute harnesses and container systems.

3. Defendant Galloway is an employee and sole stockholder of defendant Precision. Defendant Galloway avers that he rigged a parachute for a Precision customer whose FAA owner identification card bore the name of Gerald Wilcox with an address of Garden City, Kansas. He further avers that he does not advertise his services as a chute rigger, has not conducted any business with any entity residing in Kansas, nor has communicated with any entity residing in Kansas.

4. Defendant Precision has complied with the various tax, minutes, and other reporting requirements of corporations in the State of Tennessee. Defendant Galloway also avers that the financial records and obligations of Precision and himself have been maintained separately.

In a diversity action, the federal court determines whether it has personal jurisdiction over a nonresident defendant under the law of the forum state. *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir.1988). The issue of personal jurisdiction is addressed by a two-step analysis. First, the court determines whether the defendant's conduct falls within one of the provisions of the Kansas long-arm statute. Second, the court decides whether the exercise of jurisdiction comports with due process requirements. *Cal. Caulfield and Co. v. Colonial Nursing Homes*, 642 F.Supp. 777, 779 (D.Kan. 1986); *Thermal Insulation*, 508 F.Supp. at 436.

Defendant Galloway, limiting his actions to that of rigging the parachute in his capacity as an employee of defendant Precision, argues this does not meet the "minimum contacts" requirement and offends the "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Alternatively, defendant Galloway contends the fiduciary shield doctrine bars the exercise of jurisdiction over him, as his acts were all performed on behalf of defendant corporation. Plaintiffs' response *entirely* relies upon attributing the actions and involvement of defendant Precision to defendant Galloway based exclusively upon his sole shareholder status. "[I]t is impossible to separate the actions of Galloway the corporation, Galloway the employee, and Galloway the federally certified rigger." (Plaintiffs' memo p. 3.) While plaintiffs do not describe nor even offer a legal theory to support their contention, it appears the alter ego doctrine best fits their contention. Based upon plaintiffs' response, the only issue is whether plaintiffs have satisfied or are entitled to discover evidence in support

of their burden of showing that Galloway is an alter ego of defendant Precision as to bring him under this court's jurisdiction.

A recognized treatise in this area explains the theory of invoking jurisdiction over individuals who control corporations:

> Long-arm jurisdiction can sometimes be invoked over non-resident individuals simply because of that individual's role with respect to a corporation that is within the range of the long-arm statute. If the person's control over the corporation is such that the corporation is really acting as his agent in doing the acts giving rise to the suit, then he can be reached through the long-arm statute even though he personally had no contact with the forum state. The courts speak in terms of "piercing the corporate veil" or the "alter ego" doctrine in discussing the susceptibility of individuals to long-arm jurisdiction. Not all cases treat the question in terms of those doctrines drawn from corporation law, however. (footnotes omitted.)

Casad, *Jurisdiction in Civil Actions,* ¶ 4.03[4] (1983). The Tenth Circuit has stated a similar rule:

> Jurisdiction over the representatives of a corporation may not be predicated on jurisdiction over the corporation itself, and jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state. (citations omitted.) "However, if the corporation is not a viable one and the individuals are in fact conducting personal activities and using the corporate form as a shield; a court may feel compelled to pierce the corporate veil and permit assertion of personal jurisdiction over the individuals." 4 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 1069, p. 69 (1985 Supp.)

*Ten Mile Indus, Park v. Western Plains Service,* 810 F.2d 1518, 1527 (10th Cir. 1987). *See also Minnesota Min. & Mfg. Co. v. Eco Chem, Inc.,* 757 F.2d 1256, 1264–65 (Fed.Cir.1985). While the fiduciary-shield doctrine precludes jurisdiction over an individual acting exclusively as a corporate officer, it is the obverse of that rule which plaintiff argues, that is—jurisdiction is gained by attributing the corporate contacts with the forum to the individual. *Stuart v. Spademan,* 772 F.2d 1185, 1197 (5th Cir.1985) (and cases cited therein.) In other words, jurisdiction can be exercised over an individual by virtue of this "attribution theory" without any reference to the fiduciary-shield doctrine. *Id.* at 1198.

Plaintiffs have not alleged any facts in their complaint to support the attribution theory. The court will nevertheless entertain this argument in light of plaintiff's response to the motion to dismiss.

In *Stuart,* the court set forth the factors involved in the determination of the alter ego question as previously used by the Eighth Circuit in *Lakota Girl Scout Council, Inc. v. Havey Fund–Raising Management, Inc.,* 519 F.2d 634, 638 (8th Cir.1975). 772 F.2d at 1197. Those factors appear to be adopted from the concept of alter ego in corporation law, and other courts have also relied on corporation law in resolving the jurisdiction issue. *Flynt Distributing Co., Inc. v. Harvey,* 734 F.2d 1389, 1393–94 (9th Cir.1984); *Ameritech Mobile Com. v. Cellular Communications,* 664 F.Supp. 1175, 1179–80 (N.D.Ill.1987); *K Mart Corp. v. Knitjoy Mfg., Inc.,* 542 F.Supp. 1189, 1191–92 (E.D.Mich.1982); *see Ten Mile Indus. Park,* 810 F.2d at 1526–27. These decisions generally relied on the applicable state law for piercing the corporate veil. *E.G. Ten Mile Indus. Park,* 810 F.2d at 1526. Kansas law in this area is well settled:

> The doctrine of alter ego is used to impose liability on the individual who uses a corporation merely as an instrumentality to conduct his own personal business. Such liability arises from fraud or injustice perpetrated not on the corporation but on third persons dealing with the corporation. Under it the court merely disregards the corporate entity and holds the individual responsible for his acts knowingly and intentionally done in the name of the corporation. *Kilpatrick Bros., Inc. v. Poynter,* 205 Kan. 787, 797, 473 P.2d 33 (1970). In *Amoco Chemicals Corporation v. Bach,* 222

Kan. 589, 594, 567 P.2d 1337 (1977), the following factors were considered significant in justifying a disregard of the corporate entity:

"(1) Undercapitalization of a one-man corporation, (2) failure to observe corporate formalities, (3) nonpayment of dividends, (4) siphoning of corporate funds by the dominant stockholder, (5) nonfunctioning of other officers or directors, (6) absence of corporate records, (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders, and (8) the use of the corporate entity in promoting injustice or fraud."

Mere single ownership of a corporation is not sufficient in itself to treat the corporation as an alter ego of the owner and justify a disregard of the corporate veil. 222 Kan. at 594 [567 P.2d 1337]; *Kilpatrick Bros., Inc. v. Poynter,* 205 Kan. 787 [473 P.2d 33], Syl. ¶ 6. Each case involving disregard of the corporate entity must rest upon its special facts. 18 Am.Jur.2d, Corporations § 15. Finally, power to pierce the corporate veil is to be exercised reluctantly and cautiously. *Amoco Chemicals Corporation v. Bach,* 222 Kan. at 593 [567 P.2d 1337].

*Sampson v. Hunt,* 233 Kan. 572, 579, 665 P.2d 743 (1983).

A few other courts have looked to a weaker and more general test in determining whether an individual should be attributed with the corporate contacts. *See Lancer Products Inc. v. Rally Accessories,* 597 F.Supp. 440, 442 (E.D.N.Y.1984); *Warren v. Dynamics Health Equipment Mfg. Co., Inc.,* 483 F.Supp. 788 (M.D.Tenn.1980) (and cases cited in both.) In *Warren,* the court observed:

If the employee has not direct contacts with the foreign state it may be unreasonable, given only his relationship to the corporation that may have such contacts, to conclude that he would be subject to the personal jurisdiction of the court. Otherwise every employee of a corporation would be subject to the personal jurisdiction of the courts in every state where the corporation is doing business. On the other hand, if the corporate structure is being used as a vehicle for the conduct of business by an individual who has total control over corporate activities, including the activities giving rise to the suit, then the existence of the corporate form should not immunize him from the jurisdictional contacts of the corporation.

483 F.Supp. at 793. This court echoes those concerns and believes the attribution theory has limited applicability save extraordinary circumstances.

Plaintiff's only fact in support of its attribution theory is that Galloway is the sole shareholder of Precision. This alone is not enough to disregard the corporate separation. *See Griswold Insulation Co., Inc. v. Lula Cotton, Etc.,* 540 F.Supp. 1334, 1336 (M.D.Tenn.1982); *Warren,* 483 F.Supp. at 792. Nor is this fact sufficient to make a prima facie showing for jurisdiction purposes. *See Flynt Distributing Co.,* 734 F.2d at 1393. Plaintiffs request leave of the court to take the deposition in an effort to discover facts in support of their attribution theory, as defendants have apparently blocked plaintiffs' discovery attempts to date. The court does believe that plaintiffs should be permitted to discover whatever facts support their attribution theory.

In light of the above, the court hereby grants defendant Galloway's motion to dismiss subject to the following two conditions: first, plaintiffs are allowed, 45 days from the filing date of this order, to treat George Galloway as if a party defendant for purposes of limited discovery on their attribution theory; and second, plaintiffs may then submit within 60 days of the filing date of this order any additional facts in support of their attribution theory that have been discovered during the 45 day period, and defendant Galloway will have 20 days to respond. If additional facts are presented, the court will reconsider its decision to dismiss Galloway for lack of personal jurisdiction.

IT IS SO ORDERED.