**Dorothy WILLNER, Plaintiff–Appellant,**

v.

**Gene BUDIG, F. Allan Hanson, Alfred E. Johnson, Robert L. Lineberry, Robert J. Smith, and Deanell Tacha, Defendants–Appellees.**

Nos. 87–1249, 87–1869.

United States Court of Appeals, Tenth Circuit.

June 1, 1988.

Rehearing Denied Aug. 18, 1988.

Dorothy Willner, pro se.

Rose Marino, Associate Gen. Counsel, University of Kansas, J. Steven Pigg, Fisher, Patterson, Sayler & Smith, Topeka, Kan., Clifford T. Mueller and Douglas M. Greenwald, McAnany, Van Cleave & Phillips, Lenexa, Kan., for defendants-appellees.

Before WRIGHT, ALARCON and HALL, Circuit Judges.*

PER CURIAM.

Dorothy Willner appeals from the grant of summary judgment for the defendants and from the imposition of attorney fees and costs in her civil rights suit. We affirm.

* Honorable Eugene A. Wright, Honorable Arthur L. Alarcon, and Honorable Cynthia Holcomb Hall, Circuit Judges, United States Court of Appeals for the Ninth Circuit, sitting by designation.

## I

Dorothy Willner is a full professor of anthropology at the University of Kansas. The six defendants are individuals associated with the University whom Willner has sued in their individual capacities. Willner claims that while acting as agents of the University and under color of state law, the defendants conspired to commit and did commit various acts of harassment and retaliation against her for bringing a sex discrimination claim against the University. Willner specifically claimed that the following acts constituted harassment or retaliation: omitting materials on her curriculum vitae, providing insufficient salary increases, bringing complaints against her, seeking to have her removed from the anthropology department, manipulating her assignments to reduce student enrollment, depriving her of office services, harassing a student until the student ceased to study with her, affecting her course enrollment, and creating problems with the documents she had submitted in support of raises. She claimed that these acts of harassment and retaliation violated the first, fifth, and fourteenth amendments, the Civil Rights Acts (Title 42 U.S.C. §§ 1983, 1985, 1986), and Title IX (20 U.S.C. § 1681 et seq.). Willner added pendent state law claims for fraudulent interference with economic relations, slander, and intentional infliction of emotional distress. The district court granted summary judgment on all these claims and awarded the defendants attorney fees and costs.

## II

Willner contends that the district court erred when it granted summary judgment on her section 1983 claim against the defendants in their individual capacities.[1] We will affirm a grant of summary judgment if it is clear from the record that there are no genuine issues of material fact and the

1. Willner also contends that the district court erred by dismissing her claims against the defendants in their *official* capacities because she never sued them in their official capacities. Any error that resulted from dismissing nonexistent claims is harmless.

defendants are entitled to judgment as a matter of law. *Security Insurance Co. of Hartford v. Wilson,* 800 F.2d 232, 233 (10th Cir.1986).

The district court found that there were no genuine issues of material fact because collateral estoppel barred relitigation of the issues that formed the basis of Willner's section 1983 claim.

Collateral estoppel precludes the relitigation of factual or legal issues that were decided in a previous case, regardless of whether that case was based on the same cause of action. There are two prerequisites to the application of collateral estoppel: (1) the issue to be precluded must have been actually and necessarily decided in the prior case, and (2) the party against whom collateral estoppel is invoked must have had a full and fair opportunity in the earlier case to litigate the issue to be precluded. *Ten Mile Industrial Park v. Western Plains Service Corp.,* 810 F.2d 1518, 1523 (10th Cir.1987).

The factual basis for Willner's section 1983 claim is that the defendants, acting as agents of the University in their individual capacities, harassed or retaliated against Willner for bringing her sex discrimination claim against the University.

In an earlier action, Willner brought an employment discrimination suit against the University. Willner claimed that the University and its agents, by committing acts virtually identical to those alleged in this case, harassed her and retaliated against her for bringing a sex discrimination claim,

in violation of Title VII, 42 U.S.C. § 2000e et seq., and the Equal Pay Act, 29 U.S.C. § 206(d). The court entered judgment for the defendants, finding that neither the University nor its agents, employees, or officials retaliated against her or harassed her because she filed a sex discrimination claim. The court noted that Willner simply misperceived many acts of the University as retaliation or reprisal.

Willner's claims in this case that University agents harassed and retaliated against her because she brought a discrimination suit were actually and necessarily decided in her earlier suit.[2]

In her Title VII action, Willner was allowed to present extensive evidence about the alleged retaliatory actions of individuals at the University. Furthermore, Willner answered virtually all the interrogatories in this case by referring to evidence in her Title VII action. She was given a full and fair opportunity to prove these allegations of retaliation and harassment which now form the basis for her section 1983 suit. Reframing her legal theory about why the retaliation and harassment were illegal does not alter the fact that in a different suit a court determined that the University and its agents did not harass or retaliate against her.

■ We hold that the district court did not err in granting summary judgment on Willner's section 1983 claim because collateral estoppel barred relitigation of the issues that formed the basis for her claim.[3]

---

2. Defendants argue that since Willner lost her Title VII action against the University, res judicata bars any further suits arising from the same set of facts. However, the defendants were named in their *individual* capacities. Government employees in their *individual* capacities are not in privity with their government employer. *See Morgan v. City of Rawlins,* 792 F.2d 975, 980 (10th Cir.1986); 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4458 & n. 12 (1981 & Supp.1987); 1B J. Moore, Moore's Federal Practice ¶ 0.411 n. 41 (2d ed. 1984 & Supp.1987–88) (collecting cases). Res judicata does not bar Willner's claims against the defendants in their *individual* capacities because the defendants are not in privity with the University.

3. Willner contends that her inability to pursue her civil rights and constitutional claims against these six individual defendants during her Title VII trial means that she did not have a full and fair opportunity to litigate those claims. Willner's argument misses the point. While she was prevented from mentioning that she had other causes of action for these alleged acts of retaliation or that she could sue other parties, Willner was given a full opportunity to prove that University agents retaliated against her.

Willner's argument that collateral estoppel does not bar her section 1983 claim for deprivation of property and liberty without procedural due process is not before us because she did not plead this claim in her amended complaint. Furthermore, there are insufficient facts in the record to support this claim.

Willner also contends that the district court erred in granting summary judgment on her section 1985 and section 1986 claims and on her pendent state law claims of intentional infliction of emotional distress, slander, and fraudulent interference with economic relations.

■ We hold that the court properly granted summary judgment on these claims. The defendants met their initial responsibility by demonstrating the absence of sufficient evidence necessary to establish all the essential elements of each of Willner's claims. Willner failed to meet her burden to go beyond her pleadings and designate specific facts showing that there were genuine issues for trial on every element of each of these claims. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

### III

Willner contends that the district court erred in awarding attorney fees to the defendants because the court failed to apply the guidelines set down in *Dickerson v. City Bank & Trust,* 590 F.Supp. 714, 720 (D.Kansas 1984), which would prevent the award of fees in this case. She does not challenge the exercise of the court's discretion under 42 U.S.C. § 1988 (1982).

■ In *Dickerson,* Chief Judge Earl E. O'Connor of the District Court of Kansas set forth guidelines to be followed in his court when parties apply to him for attorney fees pursuant to 42 U.S.C. § 1988 (1982). 590 F.Supp. at 720. The district court in this case determined that *Dickerson* "does not mandate a denial of fees." We agree. The guidelines Chief Judge O'Connor set down for his courtroom are not binding on other district judges. *See Starbuck v. City and County of San Francisco,* 556 F.2d 450, 457 n. 13 (9th Cir.1977) ("The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another."). The district court did not err by failing to follow *Dickerson.*

### IV

■ Willner contends that the district court erred when it failed to rule on her motion for a default judgment against defendant Budig because his name did not appear in the original answer filed by the defendants. However, the district court effectively denied her motion when it allowed the defendants to file an amended answer that corrected the omission in the first answer. The court did not abuse its discretion in allowing the defendants to file an amended answer to correct the mistaken omission in the initial answer.

### V

■ Willner alleges that Judge Saffels abused his discretion by failing to recuse himself pursuant to 28 U.S.C. § 455. She alleges that the judge was biased against her because he repeatedly ruled against her and allegedly made legal errors. Willner's allegation that Judge Saffels was biased against her is unsupported by any facts. "[A] motion to recuse cannot be based solely on adverse rulings." *Willner v. University of Kansas,* 848 F.2d 1023, 1028 (10th Cir.1988) (per curiam).

### VI

■ Willner contends that the district court erred by taxing her for the defendants' cost of taking her deposition. We review the imposition of costs for an abuse of discretion. *Furr v. AT & T Technologies,* 824 F.2d 1537, 1550 (10th Cir.1987). Defendants used Willner's deposition in support of their summary judgment motion. The district court did not abuse its discretion because taking the deposition was reasonably necessary to the litigation of the case. *See id.*

### VII

■ Willner contends that the district court erred in ordering her to responsively answer interrogatories and in ordering her to pay the costs incurred in seeking this further response under Fed.R.Civ.P. 37(a)(4). Discovery rulings are within the

broad discretion of the trial court. *Shaklee Corp. v. Gunnell,* 748 F.2d 548, 550 (10th Cir.1984). These orders were within the court's discretion.

## VIII

Willner's claim that the district court erred in failing to sanction the defendants for using the term "mental infirmities" is meritless.

## IX

■ Defendants request that we award their costs, expenses, and attorney fees under Fed.R.App.P. 38. We may award these costs when an appeal is frivolous. *Braley v. Campbell,* 832 F.2d 1504, 1510–11 (10th Cir.1987). An appeal is frivolous if the result is obvious or if the appellant's arguments wholly lack merit. *Id.* We cannot say that Willner's appeal is totally without merit; therefore, defendants' request is denied.

AFFIRMED.