**F I L E D**

**PUBLISH**

**MAY 6 1999**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANA GONZALES,

      Plaintiff-Appellant,

v.

PABLO HERNANDEZ, M.D.,
THOMAS STURM, Ph.D.,
ROBERT PULLINGS and
JOHN/JANE DOES, I-V,
individually and in their official
capacities,

      Defendants-Appellees.

No. 97-2380

---

Appeal from the United States District Court
for the District of New Mexico
(D.C. No. CIV-95-657-M)

---

James A. Burke, Santa Fe, New Mexico, for Plaintiff-Appellant.

Walter G. Lombardi, RMD Legal Bureau, State of New Mexico, for Defendants-
Appellees.

---

Before **SEYMOUR**, Chief Judge, **ANDERSON** and **BRISCOE**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

Ana Gonzales brought this civil rights action claiming that defendants discriminated and retaliated against her in connection with her employment by the Las Vegas Medical Center (LVMC). The district court granted summary judgment against Ms. Gonzales under the Eleventh Amendment and the doctrines of res judicata and collateral estoppel. We affirm in part and reverse in part.

## I

Ms. Gonzales brought an unsuccessful discrimination claim against LVMC before the New Mexico Human Rights Commission. Pursuant to the New Mexico Human Rights Act, N.M. STAT. ANN. §§ 28-1-10 *et seq.*, she appealed de novo in state court, filing suit in October 1994 against LVMC but not against any individual employees.[1] She alleged that LVMC, through its employees, discriminated against her on the basis of national origin in violation of the state act. She further alleged that LVMC retaliated against her for filing her Human Rights Commission claim.

In June 1995, Ms. Gonzales filed the present action in federal court under 42 U.S.C. §§ 1981 and 1983. Describing the same acts and occurrences as alleged

---

[1] In the original complaint, Ms. Gonzales included John Does 1-10 as defendants. After proposing and then withdrawing an amended complaint in February 1995, Ms. Gonzales ultimately proposed and filed another amended complaint that dropped defendants Does 1-10, Aplt. App. 79-82, leaving LVMC as sole defendant.

in the state court suit, she asserted that defendant LVMC employees, in their individual and official capacities, discriminated and retaliated against her, violating her federal equal protection, substantive due process, and First Amendment rights. The federal district court stayed this action pending the outcome of the state court suit. A jury in state court subsequently returned a verdict finding that LVMC did not discriminate but did retaliate against Ms. Gonzales. The jury awarded her $170,000 in compensatory damages, as well as attorney's fees and costs.

The defendant LVMC employees in the instant action then moved for summary judgment. The district court granted it, holding the federal claims barred under the Eleventh Amendment and by res judicata and collateral estoppel. Ms. Gonzales appeals that summary judgment on the issues of preclusion.[2]

## II

We review a summary judgment decision de novo, applying the same legal standards used by the district court under Fed.R.Civ.P. 56(c). *See Pino v. Higgs*, 75 F.3d 1461,1463 (10th Cir. 1996). We review the record in the light most favorable to the non-moving party. *See McIlravy v. Kerr McGee Corp.*, 119 F.3d

---

[2] Ms. Gonzales does not dispute on appeal that the Eleventh Amendment bars her claim against defendants in their official capacities. *See Ford v. New Mexico Dept. of Pub. Safety*, 891 P.2d 546, 551 (N.M. Ct. App. 1994).

876, 879 (10th Cir. 1997).

A federal court is required to give a state court judgment the same preclusive effect it would be given under the laws of the state in which it was rendered. *See* 28 U.S.C. § 1738; *Migra v. Board of Educ.*, 465 U.S. 75 (1984). In the instant case, the governing law is that of New Mexico. We will address in turn the preclusive effect of Ms. Gonzales' state discrimination and retaliation claims on her subsequent federal claims.

## A.    Discrimination

Ms. Gonzales contends the district court erred in holding that her unsuccessful discrimination claim against LVMC in state court is binding on her with respect to the individual defendants in her federal claim. She relies on *Willner v. Budig*, 848 F.2d 1032 (10th Cir. 1988), for the proposition that there is no preclusion in identical but separate actions when the defendant in one action is a vicariously liable entity, as here, and the defendant in the other action is a primary obligor, so long as there is no privity between the defendants.[3] *Willner* was not applying New Mexico law, however, as we are required to do here. *See id.* In the instant case, New Mexico law adopting the Restatment (Second) of

---

[3] We note that although *Willner* held that res judicata principles did not apply in that case, *see* 848 F.2d at 1034 n.2, it also held that collateral estoppel precluded the plaintiff's claims, *id.* at 1034.

Judgments § 51 (1980) controls questions of preclusion involving vicarious liablility. *See Ford v. New Mexico Dept. of Pub. Safety*, 891 P.2d 546, 550 (N.M. Ct. App. 1994).

Section 51 of the Restatement reads in relevant part:

If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in the action has the following preclusive effects against the injured person in a subsequent action against the other.

(1) A judgment *against* the injured person that bars him from reasserting his claim against the defendant in the first action *extinguishes any claim he has against the other person responsible for the conduct* unless:

> (a) The claim asserted in the second action is based upon grounds that could not have been asserted against the defendant in the first action; or

> (b) The judgment in the first action was based on a defense that was personal to the defendant in the first action.

RESTATEMENT (SECOND) OF JUDGMENTS, § 51 (1980) (emphasis added).

The Restatement thus recognizes that when an injured party initiates separate actions against a vicariously liable party and the primary obligor, and the injured party is unsuccessful in one claim, she is thereafter precluded from litigating a second claim based on the same conduct. The comments to the Restatement note that, "[i]n an important sense, . . . there is only a single claim. The same loss is involved, usually the same measure of damages, and the same or nearly identical issues of fact and law." *Id.* at § 51 cmt. b. As such, "if [the

-5-

injured party] is allowed to sue the second obligor after having lost an action against the first," rules of preclusion should "approximate those that govern when the same claim is successively asserted against a single defendant." *Id.*

The New Mexico Court of Appeals applied section 51(1) in *Ford,* 891 P.2d at 550. The court enumerated four elements that need to be fulfilled to trigger preclusion under the section: (1) liability under one of the claims is based on vicarious responsibility for the defendants in the other claim; (2) the first judgment would preclude a subsequent claim by plaintiff against the first defendants for the conduct alleged in the second claim; (3) the claims in the second action are claims that could have been asserted against the first defendants in the first action; and (4) the first judgment was not based on a defense personal to the first defendants. *Id.* In the employment suit in *Ford*, the plaintiff sued individually-named defendants for retaliation and denial of due process in federal court. After losing in federal court, the plaintiff sued the employer for vicarious liability on the same conduct in state court under state law. The court found all four elements satisfied and barred the subsequent state suit.

Following the analysis in *Ford*, we apply the four requirements to determine if Ms. Gonzales' second discrimination claim is precluded under section 51(1). The first requirement is indisputably satisfied. The state claim against LVMC was based on vicarious responsibility for the actions of LVMC's employees,

defendants in this action.

The second element requires that we analyze the claims in the two suits as though there were a single defendant. The question is whether New Mexico law would bar Ms. Gonzales' second suit were LVMC the defendant in both actions. We look to New Mexico preclusion law, which says a final judgment against a plaintiff extinguishes all rights to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. *See Ford,* 891 P.2d at 554. Here, the underlying transactions and alleged wrongful conduct in Ms. Gonzales' two claims are identical. The jury in the state action found LVMC did not discriminate against Ms. Gonzales. Were LVMC the defendant in the instant action, therefore, New Mexico would bar this subsequent action as relitigating a claim previously resolved against Ms. Gonzales.

The third element requires that the claims in the second action be claims that could have been asserted against the first defendant in the first action. Ms. Gonzales' 42 U.S.C. §§ 1981 and 1983 claims asserting discrimination and retaliation could have been brought against LVMC in state court. *See Martinez v. California,* 444 U.S. 277, 283 n.7 (1980); *Daddow v. Carlsbad Mun. Sch. Dist.,* 898 P.2d 1235 (N.M. 1995) (section 1983 action); *Carter v. City of Las Cruces, N.M.*, 915 P.2d 336, 338 (N.M. Ct. App. 1996) ("It is settled that state and federal courts share concurrent jurisdiction over § 1983 claims for the denial of federal

constitutional rights.")

The fourth element requires that the judgment in the first action not be based on a defense that was personal to the defendant in the first action. Nothing in the record indicates that LVMC's defense was personal to itself in the first action. All four elements are thus satisfied.

Accordingly, pursuant to section 51(1) as applied in New Mexico, the district court correctly held that Ms. Gonazales is precluded from litigating claims against the defendant LVMC employees in this action on conduct identical to that alleged in her unsuccessful discrimination suit against LVMC.

## B.     Retaliation

Ms. Gonzales argues the district court erred in finding that her successful retaliation claim against LVMC in state court barred her claim against the responsible employees in federal court. The district court apparently reached this conclusion based on its holding that the individual employees were in privity with LVMC and that all claims against the individual defendants should have been brought by Ms. Gonzales in the state court suit. *See* Aplt. App. at 102-04.

On appeal, defendants assert they are in privity with LVMC, their employer, but they fail to cite a single New Mexico case so holding and we have found none. The general weight of authority appears to be that while government employees

are in privity with their employer in their official capacities, they are not in privity in their individual capacities. *See, e.g., Gray v. Lacke*, 885 F.2d 399, 404-06 (7th Cir. 1989); *Willner*, 848 F.2d at 1034 n. 2; *Headley v. Bacon*, 828 F.2d 1272, 1279 (8th Cir. 1987); *Roy v. City of Augusta,* 712 F.2d 1517, 1522 (1st Cir. 1983); *Bills v. Hommer Consol. Sch. Dist.*, 959 F. Supp. 507, 514-15 (N.D. Ill. 1997); CHARLES ALAN WRIGHT ET AL., 18 FEDERAL PRACTICE & PROCEDURE § 4458 at 506 & n.8, 508-09 & n.12 (1981 & Supp. 1999) (citing cases); J. MOORE, 18 MOORE'S FEDERAL PRACTICE § 131.40(3)(e)(ii)(A) (3d ed. 1999). In a similarly postured case, the court relied on this principle in holding that res judicata did not apply to plaintiffs who sued a school principal in his individual capacity after having successfully sued the school district. *Bills*, 959 F. Supp. at 514-15.

In any event, the New Mexico Supreme Court has made it plain that it finds guidance in the RESTATEMENT (SECOND) OF JUDGMENTS when deciding preclusion issues, *see, e.g., Kepler v. Slade*, 896 P.2d 482, 486 (N.M. 1995); *Three Rivers Land Co. v. Maddoux*, 652 P.2d 240, 245 (N.M. 1982), and the Restatement does not refer to "privity" in resolving preclusion questions. Having applied Section 51(1) of the Restatement in *Ford*, we see no reason why the New Mexico courts would not apply section 51(2) as well. Indeed, the *Ford* court recognized "Section 51 as accurately describing New Mexico law." 891 P.2d at 550. We

therefore turn to section 51(2).

Section 51(2) provides:

> (2) A judgment *in favor* of the injured person is conclusive upon him *as to the amount of his damages,* unless . . .
>
> (b) Different rules govern the measure of damages in the two actions.

RESTATEMENT (SECOND) OF JUDGMENTS, § 51(2) (1980) (emphasis added). Courts applying section 51(2) have held that a judgment in favor of the injured party in a vicarious liability relationship does not preclude a second action against nonparties except as to the amount of damages. *See Kimmel v. Iowa Realty Co.*, 339 N.W.2d 374, 378 (Iowa 1983); *see also Headley v. Bacon*, 828 F.2d at 1278; *Day v. Davidson*, 951 P.2d 378, 383 (Wyo. 1997).

The Restatement clearly contemplates a complainant proceeding in split actions against a vicariously responsible obligor and the primary obligor. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 49 ("A judgment against one person liable for a loss does not terminate a claim that the injured party may have against another person who may be liable therefore.");[4] *see also id.* § 50 (foreclosing

---

[4] Defendants assert that Ms. Gonzales' reliance on § 49 of the Restatement is flawed because that section assumes the persons allegedly jointly responsible for the loss are not in privity. Aplee. Br. at 11. As we have indicated above, the Restatement does not refer to privity and, in any event, we have found no New Mexico case holding that individual employees are in privity with their vicariously liable employers. Moreover, defendants cite no New Mexico case

(continued...)

double recovery); *cf. Sanchez v. Clayton*, 877 P.2d at 572 (noting that Section 50 sets forth a "sound principle" as applied to awards of compensatory damages). Section 51(2)(b) allows additional damages in the subsequent action as long as the first action is successful and the measure of damages in the second action is different. In fact, the Restatement constructs a hypothetical directly on point:

> P is injured as a result of the deliberate act of S, who is M's employee. P brings an action against M, the applicable law limiting his recovery to compensatory damages. P obtains judgment for $10,000. In a subsequent action against S, P may obtain judgment for no more than $10,000 in compensatory damages but is not precluded from recovering punitive damages.

*Id.* at § 51 illus. 7.

In Ms. Gonzales' retaliation claim in state court, she won $170,000 in compensatory damages against LVMC, the vicariously responsible party.

---

[4](...continued) supporting the proposition that a plaintiff is improperly splitting a cause of action when she sues jointly and severally liable defendants in separate actions. An illustration set out under Restatement § 49 is on point:

> A is injured as a result of the wrongful act of S, who is M's employee. In A's action against M, both the issues of liability and the extent of A's injuries are litigated. Judgment is for A for $10,000. A is not precluded from bringing an action against S but may recover no more than $10,000 for the injuries involved.

RESTATEMENT (SECOND) OF JUDGMENTS § 49 illus. 1; *see also id.* § 24 cmt. e ("The rule against splitting . . . takes as its model a claim and action by a single plaintiff against a single defendant"); *Anaya v. City of Albuquerque*, 924 P.2d 735, 740 (N.M. App. 1996) (quoting § 24, cmt. e).

Applying the principles of the Restatement, we hold that Ms. Gonzales is not barred from suing the employee defendants for retaliation, but she is precluded under section 51(2) from seeking more than $170,000 in compensatory damages. Punitive damages are a different matter, however. The New Mexico Human Rights Act limited Ms. Gonzales' recovery against LVMC to actual damages which are "'synonymous with compensatory damages, and excludes punitive damages.'" *Behrmann v. Phototron Corp.*, 795 F.2d 1015, 1020 (N.M. 1990) (quoting 22 AM. JUR. 2D DAMAGES § 3 (1988)). Because "[d]ifferent rules govern[ed] the measure of damages" in the first action, *see* RESTATEMENT (SECOND) JUDGMENTS § 51(2)(b), Ms. Gonzales is not barred from seeking punitive damages in her retaliation claim against the employee defendants in this action. *See Sanchez*, 877 P.2d at 572 (punitive damages punish the tortfeasor for wrongdoing rather than compensate the victim for a loss and must be separately determined against each defendant).

In sum, although New Mexico law clearly precludes Ms. Gonzales' discrimination claim against the employee defendants in this action, there is no policy reason nor law in New Mexico to bar her retaliation claim against the defendants for their individual liability since she prevailed on this claim in the first action against LVMC and also since different rules govern the measure of damages in this subsequent federal action. Consequently, we **AFFIRM** the

district court's grant of summary judgment in favor of defendants on Ms.

Gonzales' federal claim of discrimination.  We **REVERSE** the summary judgment

on Ms. Gonzales' federal claim of retaliation and **REMAND** for further

proceedings.[5]

---

[5]  We do not consider other issues raised by defendants that were not
addressed by the district court.  Those issues may be reasserted on remand.