**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANA GONZALES,

      Plaintiff-Appellee,

v.

PABLO HERNANDEZ, M.D.; THOMAS
STRUM, Ph.D.; ROBERT PULLINGS,

      Defendants-Appellants,

and

JOHN/JANE DOE, I-V, in their official
capacities,

      Defendants.

No. 99-2280

(D.C. No. CIV-95-657-M/LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Plaintiff Ana Gonzales, an Hispanic female, is a psychologist employed by the Las

Vegas Medical Center (LVMC) in Las Vegas, New Mexico. In June 1995, Plaintiff filed

a complaint in federal district court against Defendants Pablo Hernandez, M.D., the

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Administrator of LVMC, and Thomas Strum, Ph.D. and Robert Pullings, psychologists employed by LVMC. In her complaint, Plaintiff asserts claims against Defendants arising under 42 U.S.C. §§ 1981 & 1983. Plaintiff bases her claims on discrimination and retaliation in violation of her First Amendment free speech rights. The district court denied Defendants' motion for summary judgment based on qualified immunity. We affirm.

I.

In February 1990, Plaintiff filed an unsuccessful charge of unlawful discrimination with the New Mexico Human Rights Commission. In her complaint, she alleged LVMC had discriminated against her on the basis of national origin by awarding work on a crisis hotline to Defendant Pullings. Plaintiff subsequently filed an action in state court alleging national origin discrimination and retaliation in violation of the New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-1 (Michie 1996).

In June 1995, Plaintiff filed the present action in federal court. Describing the same acts and occurrences as alleged in her state court suit, Plaintiff asserted that Defendants discriminated and retaliated against her, violating her federal equal protection, substantive due process, and First Amendment rights. The federal district court stayed this action pending the outcome of the state court suit. A jury in the state court action returned a verdict finding that LVMC did not discriminate but did retaliate against Plaintiff. The jury awarded Plaintiff compensatory damages.

2

Defendants in the instant action then moved for summary judgment, raising the defenses of res judicata, collateral estoppel, Eleventh Amendment, and qualified immunity. The district court granted summary judgment to Defendants, holding the federal claims barred by the Eleventh Amendment, res judicata, and collateral estoppel. The district court did not address whether Defendants were entitled to qualified immunity. Plaintiff appealed the grant of summary judgment on the issues of preclusion.

On appeal, we affirmed the district court's grant of summary judgment in favor of Defendants on Plaintiff's federal discrimination claim. Gonzales v. Hernandez, 175 F.3d 1202, 1206 (10th Cir. 1999). We reversed, however, on Plaintiff's federal retaliation claim. Id. at 1208. We remanded the case to the district court with leave for the parties to reassert the issues not addressed by the district court. Id. at 1208 n.5. On remand, the district court denied Defendants' motion for summary judgment on Plaintiff's retaliation claim based on qualified immunity. This time, Defendants appeal.

"We have jurisdiction to review interlocutory appeals from the denial of qualified immunity to the extent they resolve abstract issues of law." Ramirez v. Dept. of Corr., 222 F.3d 1238, 1240 (10th Cir. 2000) (internal quotation omitted); see also Johnson v. Jones, 515 U.S. 304, 312-14 (1995). Government officials may not appeal pretrial orders denying qualified immunity to the extent the order decides nothing more than whether the evidence could support a finding that particular conduct occurred. Foote v. Spiegel, 118 F.3d 1416, 1422 (10th Cir. 1997). Even though a district court concludes that

controverted factual issues exist, however, a defendant may still immediately appeal the denial of a motion for summary judgment based on the argument that, even under plaintiff's version of facts, defendant did not violate clearly established law. DeAnzona v. City and County of Denver, 222 F.3d 1229, 1233-34 (10th Cir. 2000) (exercise of jurisdiction over interlocutory appeal proper where defendant argues entitlement to qualified immunity because plaintiff has not demonstrated a violation of clearly established law under plaintiff's version of the facts). Because Defendants so argue, we have jurisdiction to review this appeal. Id.

We review the district court's resolution of qualified immunity issues on summary judgment de novo. Foote, 118 F.3d at 1424. When a defendant asserts a qualified immunity defense in a summary judgment motion, plaintiff must come forward with sufficient facts to show both that defendant's actions violated a federal constitutional or statutory right and that the right violated was clearly established at the time of defendant's actions. Id. "The defendant bears the normal summary judgment burden of showing no material facts that would defeat the qualified immunity defense remain in dispute." Id. For the law to be clearly established, a Supreme Court or Tenth Circuit decision must be on point, or the clearly established weight of authority from other courts must be as plaintiff maintains. Id.

## II.

According to her complaint, Plaintiff, a Master's level psychologist, works for

4

LVMC, an agency of the State of New Mexico. In July 1989, LVMC received a grant of funds to initiate an after business hours crisis hotline to provide mental health services to the local client population of San Miguel and Mora counties. In November 1989, Defendants Hernandez and Strum selected Defendant Pullings to work the hotline without announcing or offering the opportunity to others by a posting and bidding process. Plaintiff alleges she is fully qualified to operate the crisis hotline. In addition, Plaintiff's complaint quotes the grant "Memorandum of Understanding" indicating that

> the communities of San Miguel and Mora counties are comprised primarily of ethnic minorities who are economically depressed and rurally located. It is imperative that LVMC demonstrate cultural competency and sensitivity to these individuals whose cultures are rich in tradition and pride . . . Staff should be fluent in the predominant language[s] of the area.

Plaintiff claims that while she and the target community are Hispanic and speak fluent Spanish, Defendant Pullings, an Anglo, speaks no Spanish. Defendants retained Defendant Pullings to continue to work on the crisis hotline annually from 1990 through 1995 without any posting or bidding process. Plaintiff alleges Defendants prevented her from participating in the crisis hotline in retaliation for her public and private complaints about Defendants.

III.

We must first determine whether Plaintiff's complaint sufficiently alleges facts that, if proven, would constitute a First Amendment retaliation claim. To determine whether a plaintiff has stated a First Amendment retaliation claim, we apply a four part

5

test derived from <u>Pickering v. Board of Educ.</u>, 391 U.S. 563 (1968). <u>Lybrook v. Farmington Mun. Sch.</u>, 232 F.3d 1334, 1338 (10th Cir. 2000). "First, we must determine whether the employee's speech involves a matter of public concern." <u>Dill v. City of Edmond</u>, 155 F.3d 1193, 1201 (10th Cir. 1998). If the speech involves a matter of public concern, "we then balance the employee's interest in commenting upon matters of public concern against the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." <u>Id.</u> Third, if the balance "tips in favor of the employee, the employee must then show that the speech was a substantial or motivating factor in the detrimental employment decision." <u>Id.</u> at 1201-02. Finally, if the plaintiff establishes that speech was such a factor, "the employer may demonstrate that it would have taken the same action against the employee even in the absence of the protected speech." <u>Id.</u> at 1202.

In her complaint, Plaintiff alleges that she exercised her First Amendment right to speak by filing a complaint with the New Mexico Human Rights Commission alleging national origin discrimination. Plaintiff further alleges Defendants refused to allow Plaintiff to participate in the crisis hot line in retaliation for Plaintiff's exercise of her First Amendment rights. Defendants do not dispute that Plaintiff's speech regarded a matter of public concern. Instead, Defendants simply argue that Plaintiff raises a state claim of retaliation. According to Defendants, because the New Mexico Human Rights Act, N.M. Stat.Ann. § 28-1-(7)(I)(2), prohibits retaliation against any person for filing a

6

complaint with the New Mexico Human Rights Commission, Plaintiff raises only a state law retaliation claim.

Contrary to Defendants' argument, Plaintiff's allegations sufficiently raise an inference that Defendants retaliated against Plaintiff because of her speech in violation of the First Amendment. See Dill, 155 F.3d at 1204. Because Defendants misunderstand Plaintiff's claim and argue that Plaintiff has raised only a state law retaliation claim, Defendants in their briefs fail to address any of the Pickering factors for evaluating First Amendment claims.[1] Defendants do not dispute Plaintiff's characterization of her speech as a matter of public concern. In addition, we have held that "an employee's First Amendment rights may not be restricted 'unless the employer shows that some restriction is necessary to prevent the disruption of official functions or to insure effective performance by the employee.'" Id. at 1203 (quoting Schalk v. Gallemore, 903 F.2d 491, 496 (10th Cir. 1990)). By failing to address the Pickering factors, Defendants have failed to meet their burden of showing that Plaintiff's speech disrupted Defendants' official functions. Id.

Further, Plaintiff alleges that her speech was a "substantial or motivating factor in the detrimental employment action." See Dill, 155 F.3d at 1204. Again, Defendants fail to dispute this characterization and instead continue to argue any retaliation violated state

---

[1] In the absence of legal argument and support, we "are wary of becoming advocates who . . . make a party's case for it." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).

7

rather than federal law. "Finally, viewing the facts alleged in the complaint in the light most favorable to Plaintiff, as we must, we can draw no inference of disruptive consequences arising from Plaintiff's speech, nor may we conclude that Defendants would have taken the same action against Plaintiff in the absence of the protected speech." Id. at 1204.[2]

Because Plaintiff's complaint states a First Amendment claim, we must next determine whether Defendants' conduct violated a clearly established right. Id. Specifically, we must decide whether, from 1989 through 1995, when Defendants allegedly refused to allow Plaintiff to participate in the crisis hotline, "the protected status of Plaintiff's speech was sufficiently clear that Defendants reasonably should have been on notice that their actions would violate Plaintiff's First Amendment rights." Id.[3]

A public employer "cannot 'condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression.'" Lybrook, 232 F.3d at 1338 (quoting Connick v. Myers, 461 U.S. 138, 142 (1983)). Thus, at the time of the alleged events, it was "firmly established that 'a public employer cannot retaliate against an employee for exercising [her] constitutionally protected right of free

_____

[2] We note that Defendants have the burden of demonstrating disruptive effects and showing that they would have taken the same action against Plaintiff even without the protected speech. Id. at 1204 n.5. As stated above, however, by failing to address any of the Pickering factors, Defendants have failed to meet this burden.

[3] Again, because Defendants simply argue that Plaintiff has raised only a state law retaliation claim, Defendants fail to address whether Plaintiff's First Amendment rights were clearly established.

speech.'" Id. (quoting Dill, 155 F.3d at 1202)). The relevant precedent clearly establishes that employment action short of discharge may give rise to First Amendment claims. Dill, 155 F.3d at 1205 (discussing Supreme Court, Tenth Circuit, and other circuit precedent). In light of the facts set forth in the complaint and the extensive preexisting case law, we conclude that Defendants should have known that preventing Plaintiff from participating in the crisis hotline in retaliation for Plaintiff's speech would be unconstitutional. Accordingly, we determine that the trial court was correct.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

9