F I L E D

**United States Court of Appeals**
**Tenth Circuit**

**NOV 19 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN HAYWOOD DIXON,

      Plaintiff-Appellant,

v.

PATRICK SULLIVAN, Sheriff;
ARAPAHOE COUNTY DETENTION
FACILITY AND MEDICAL
DEPARTMENT; DEPUTY
JOHNSON; NURSE BACKSTREET,

      Defendants-Appellees.

No. 01-1125
(D.C. No. 00-S-928)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL, KELLY,** and **LUCERO**, Circuit Judges.

---

    In March 2000, Plaintiff-Appellant, John Dixon, filed a pro se civil rights

complaint pursuant to 42 U.S.C. § 1983 against Sheriff Patrick Sullivan and the

Arapahoe County Detention Facility alleging deliberate indifference to his health

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and safety. (Complaint 00-ES-559.) Mr. Dixon claimed that Nurse Backstreet and Deputy Johnson failed to give him proper medication. (Id.) On April 7, 2000, the United States District Court for the District of Colorado dismissed his claims as legally frivolous. (Order and Judgment of Dismissal, Civil Action 00-ES-559.)

A month later, Mr. Dixon filed a claim against the same defendants, Sheriff Sullivan and Arapahoe Detention Facility, and added Deputy Johnson and Nurse Backstreet as defendants. In this complaint, he alleged violations of the Eighth and Fourteenth Amendments and negligence based on his belief that he did not receive the proper medication. (Complaint, 00-S-928.) The defendants then filed a motion to dismiss.

On February 6, 2001, the magistrate judge recommended that the entire case be dismissed on several grounds. (Magistrate's Recommendation at 16.) She found that Mr. Dixon's constitutional claims against the defendants in their official capacities were barred by res judicata. (Id. at 11.) She also found that the defendants named in their individual capacity, Sheriff Sullivan, Deputy Johnson, and Nurse Backstreet, were entitled to qualified immunity. (Id.) Lastly, she recommended that the district court decline to exercise supplemental jurisdiction over the state negligence claim. (Id.) The recommendation advised Mr. Dixon that he may file written objections to the recommendations and that

failure to do so "may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge."[1]  (Id. at 16-17.)

On February 23, 2001, the district court accepted the recommendations of the magistrate judge and dismissed the complaint in its entirety. (February 23, 2001 Order, Civil Action 00-S-928).  On February 28, 2001, Dixon's written objections to the magistrate's recommendation were received in the district court. (Doc. 64.)  On March 2, 2001, Dixon filed a letter contending that his objections were timely filed. (Doc. 65).  The district court, treating Dixon's letter as a motion pursuant to F. R. Civ. P. 59(e), held that Dixon's objections, "filed on February 28th were beyond the correct deadline," without stating what date it determined to be the deadline.  (April 13, 2001 Order, Civil Action 00-S-928). This appeal of the district court's dismissal of Dixon's complaint followed.

First, we must determine whether Dixon's objections were timely filed.  We conclude that they were.  The magistrate judge's recommendation was filed and served by mail on February 6, 2001.  "Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings

---

[1] As we find that Mr. Dixon's written objections were timely filed, we need not decide whether the recommendation's language that failure to object to the magistrate's findings "may waive his right to appeal," as opposed to "will waive his right to appeal," is sufficient for an application of our waiver rule under Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

and recommendations . . . ." 28 U.S.C. § 636 (b)(1); see also Fed. R. Civ. P. 72(b).  Accounting for weekends, President's Day, and service by mail, Dixon's objections should have been served and filed by February 26, 2001.  See § 636(b)(1); Fed. R. Civ. P. 72(b); Fed. R. Civ. P. 6(a) (intermediate Saturdays, Sundays and holidays not counted when time period is less than eleven days), 6(e) (additional three days for service by mail).

Dixon served his objections and mailed them for filing on February 26, 2001.  He later sent the district court clerk a letter with appropriate entries on the prison mail log verifying this date of mailing.  (Doc. 74).  Under the mailbox rule of Houston v. Lack, 487 U.S. 266, 276 (1988), Dixon's objections are deemed filed the date they are delivered to prison authorities for forwarding to the district court.  Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989) ("Although plaintiff's objections were filed in the district court beyond the ten-day limit, plaintiff mailed his objections from prison in a timely fashion.").  Therefore, Dixon's objections to the magistrate's recommendations were timely filed.

Turning to the merits of Dixon's claim, we agree with the magistrate's recommendation that Mr. Dixon's constitutional claims were barred by res judicata.  Res judicata applies if (1) there was a final judgment on the merits in the earlier action; (2) the parties are identical or in privity in both cases; and (3)

the cause of action is the same.  See Satsky v. Paramount Communications, Inc., 7 F.3d 1464, 1467 (10th Cir. 1993).

In dismissing Dixon's first civil rights complaint, the district court held that the claim was legally frivolous, meaning that it "assert[ed] the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim."  (Order and Judgment of Dismissal, No.00-ES-559.)  Therefore, Mr. Dixon received a judgment on the merits in his previous claim.  See Kinnell v. Graves, No. 00-3404, 2001 WL 1078090, at *1 (10th Cir. Sept. 14, 2001) (holding that res judicata barred relitigation of previous claims dismissed as frivolous).  Further, the parties in the second action are identical or in privity to the parties in the first action.  See Gonzales v. Hernandez, 175 F.3d 1202, 1206 (10th Cir. 1999) (stating that "the general weight of authority" is that government employees are in privity with their employers in their official capacities).  Finally, Mr. Dixon's cause of action for his constitutional claims is the same in his second complaint as in his first, the failure to give him the proper medication, which he claims rose to the level of deliberate indifference.  (Complaint, 00-ES-559; Complaint, 00-S-928).  Therefore, the district court correctly ruled that res judicata barred Mr. Dixon's constitutional claims.

The district court also accepted the magistrate's recommendation that defendants Sullivan, Johnson, and Backstreet, in their individual capacities, were

- 5 -

entitled to qualified immunity. Qualified immunity shields public officials from civil damages liability if their actions "did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pino v. Higgs, 75 F.3d 1461, 1467 (10th Cir. 1996). Because Dixon had not asserted facts to support a showing of the defendants' deliberate indifference, which was required to establish a violation of the Eighth or Fourteenth Amendment, he did not show that the defendants violated any of his clearly established rights. Thus, the district court properly granted these defendants qualified immunity.

Lastly, a district court has the discretion to exercise supplemental jurisdiction over state law claims. In this case, the district court declined to exercise supplemental jurisdiction over Mr. Dixon's state law claim, because it had dismissed his federal claims. We find it did not abuse its discretion in doing so. See 28 U.S.C. § 1367 (c)(3).

For the above stated reasons, we AFFIRM the district court's dismissal of Mr. Dixon's claim in its entirety. We deem this appeal to be frivolous, and therefore DENY Mr. Dixon's request for *in forma pauperis* status. As such, we order Mr. Dixon to pay immediately his unpaid balance due.

As a final matter, we DENY Appellees' request for costs and fees associated with responding to Mr. Dixon's pro se Request for Admission, as

Appellees' response motion consisted of a one-page straightforward statement of procedural grounds to strike.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge