[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11888
Non-Argument Calendar

_____

D.C. Docket No. 06-00818-CV-ORL-28-JGG

JOSEPH KONIKOV,
CHANA KONIKOV,

Plaintiffs-Appellants,

versus

ORANGE COUNTY, FL,
EDWARD CANEDA, individual and/or agent of Orange County, FL,
GEORGE LAPORTE, individual and/or agent of Orange County, FL,
MICHAEL SCOTT, individual and/or agent of Orange County FL,
ROBERT SPIVEY, individual and/or agent of Orange County, FL,
MELVIN PITTMAN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

ON PETITION FOR REHEARING
AND SUGGESTION OF REHEARING EN BANC

**(May 1, 2008)**

Before BIRCH, WILSON and COX, Circuit Judges.

PER CURIAM:

This case is before us on Appellants' petition for rehearing and rehearing en banc. We grant Appellants' petition for panel rehearing. We substitute the following opinion for our previously issued opinion in this appeal, *Konikov v. Orange County*, No. 07-11888 (11th Cir. Oct. 22, 2007).

Joseph Konikov sued Orange County, Florida, and some of its employees in 2002, alleging violations of constitutional and statutory law with regard to a zoning regulation prohibiting the use of his residence for religious purposes (*Konikov I*). The district court in *Konikov I* granted summary judgment against Konikov and was affirmed in part and reversed in part by this court. *Konikov v. Orange County*, 410 F.3d 1317 (11th Cir. 2005). The action was remanded to the district court and concluded without an appeal. The Konikovs filed this suit, arising out of the same facts as *Konikov I*, against Orange County and other employees (*Konikov II*). The district court dismissed the suit with prejudice, based on res judicata. The Konikovs appeal.

This court reviews de novo a district court's res judicata determination. *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004). A case is barred from re-litigation under the doctrine of res judicata if: "(1) there is a final judgment on the

2

merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Counts I-VI of Appellants' amended complaint are barred by res judicata to the extent they assert causes of action against the County and the individual defendants in their official capacity. *Id*. at 1238 ("Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding.").

Further, Counts I-VI are barred by collateral estoppel to the extent they assert causes of action against the individual defendants in their personal capacity. Collateral estoppel bars re-litigation of issues actually litigated and necessary to the judgment of prior litigation when the party against whom the earlier decision is asserted had a full and fair opportunity to litigate in the earlier proceeding. *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1501 (11th Cir. 1984). The issues presented in Counts I-VI have already been litigated, and in fact were resolved on remand following our opinion in *Konikov I*, 410 F.3d 1317. *See Quinn v. Monroe County*, 330 F.3d 1320, 1328 (11th Cir. 2003) ("Collateral estoppel, i.e., issue preclusion, refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.").

Also, Count VIII, negligent supervision/retention, is barred by res judicata. This count asserts a cause of action only against the County, which was a party in *Konikov I*, and the Appellants could have asserted this claim at that time. *See Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992) ("Res judicata, or claim preclusion, bars relitigation of matters that were litigated or *could have been litigated* in an earlier suit.") (emphasis added).

The only remaining count is Count VII, civil conspiracy. In this count, Appellants seek damages from the individual defendants in their personal capacity. Because the defendants are sued in their personal capacity, they are not in privity with the County, which was sued in *Konikov I. See Willner v. Budig*, 848 F.2d 1032, 1034 n.2 (10th Cir. 1988) ("Government employees in their *individual* capacities are not in privity with their government employer."); 18A Wright et al., *Federal Practice and Procedure* § 4458, at 567 & n.20 (2d ed. 2002) ("[A] judgment against a government or one government official does not bind a different official in subsequent litigation that asserts a personal liability against the official . . . ."); *see also Hurt v. Pullman, Inc.*, 764 F.2d 1443, 1448 (11th Cir. 1985) ("Under basic principles of res judicata jurisprudence, for a party to be bound by or take advantage of a prior suit that party or its privy must not only have been present in both suits, but it has to appear in the same capacity in both suits."). Therefore res judicata does not bar this claim.

Additionally, Count VII alleges a conspiracy only between the individual defendants, not between the County and its officials, as alleged in *Konikov I*. Because Appellants have not litigated this claim, it is not barred by collateral estoppel.

The district court's order dismissing with prejudice Appellants' amended complaint is reversed with respect to Count VII, but is otherwise affirmed. No Judge in regular active service on the court having requested that the court be polled on rehearing en banc, Fed. R. App. P. 35, Appellants' petition for rehearing en banc is denied.

PETITION FOR PANEL REHEARING GRANTED. PETITION FOR REHEARING EN BANC DENIED. DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART.